| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| MELANIE DAVIS,<br><br>*Plaintiff,*<br><br>v.<br><br>QUEEN NELLY, LLC,<br><br>*Defendant.* | Case No. _____<br><br>Case Type: <u>14  (Other Civil)</u><br><br>**SUMMONS** |

THIS SUMMONS IS DIRECTED TO <u>**Queen Nelly, LLC.**</u>

   1.   **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

   2.   **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

   Paul R. Hansmeier (MN Bar #387795)
   100 South Fifth Street, Suite 1900
   Minneapolis, MN 55402

   3.   **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.      **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.      **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.      **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____
Plaintiff's attorney's signature

June 1, 2016
Dated

Paul R. Hansmeier (MN Bar # 387795)
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 326-9801

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| MELANIE DAVIS,<br><br>*Plaintiff,*<br><br>v.<br><br>QUEEN NELLY, LLC,<br><br>*Defendant.* | Case No. _____<br><br>Case Type: <u>14 (Other Civil)</u><br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Melanie Davis, by and through the undersigned counsel, brings this action against Defendant Queen Nelly, LLC, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations and for violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A (the "MHRA"), and allege as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers at the restaurant known as "Dairy Queen", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at the restaurant known as "Dairy Queen", located at 1301 Minnesota State Highway 13 E, Burnsville, MN 55337.

3. Defendant's failure to provide equal access to "Dairy Queen" violates the mandates of the ADA and the MHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendant's conduct constitutes an ongoing and continuous violation of the law.

5. Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal and state law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continue to comply with the relevant requirements of the ADA and MHRA.

## JURISDICTION AND VENUE

6. This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA, for damages, civil penalties and injunctive relief pursuant to the MHRA. This Court has concurrent jurisdiction over the federal cause of action, and has original jurisdiction over the state cause of action pursuant to Minn. Stat. 363A.33.

7. Venue in this judicial district is proper because Defendant has an office within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district.

## PARTIES

8. Plaintiff Melanie Davis is a resident of Nicollet, Minnesota. Plaintiff Davis suffers from, and all times relevant hereto has suffered from, Cerebral Palsy, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and as defined by the MHRA, Minn. Stat. 363A.03, Subd. 12. Plaintiff is substantially limited in major life activities, including standing and walking. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq., and under the MHRA. As a person with a disability, Plaintiff Davis has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

9. Defendant Queen Nelly, LLC, a Minnesota limited liability company, is the owner and operator of the real property and improvements which are the subject of this action, the restaurant "Dairy Queen", a place of public accommodation within the meaning of the ADA and MHRA, located at the street address of 1301 Minnesota State Highway 13 E, Burnsville, MN 55337.

## FACTUAL BACKGROUND

10. On or around April 27, 2016, Plaintiff Davis attempted to visit "Dairy Queen" in Burnsville, Minnesota. Plaintiff Davis often travels to the Twin Cities to visit friends and to take advantage of the amenities of a larger city, including shopping and visiting new restaurants.

11. Plaintiff Davis found that the "Dairy Queen" customer parking lot had parking spaces for approximately 30 vehicles but had only one accessible parking space. The access aisle adjoining the accessible parking space was approximately five feet in width. A photograph in Exhibit A to this Complaint shows the accessible parking space at "Dairy Queen".

12. Plaintiff Davis attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of her disabilities, due to the physical barriers to access and violations of the ADA and MHRA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA and MHRA, Plaintiff Davis cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

13. On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

   a. Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against individuals with disabilities continues to be a serious and pervasive social problem;

   c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   d. Individuals with disabilities continually encounter various forms of discrimination; and

    e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

    14. Congress explicitly stated that the purpose of the ADA was to:

        a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

        b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

    15. Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

    16. The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

18. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

19. In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

20. The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

21. On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

22. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

23. The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part

36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

24. Defendant has discriminated against Plaintiff Davis on the basis of her disabilities by failing to comply with the requirements of the ADA, the ADAAG, and the MHRA with regard to "Dairy Queen". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Dairy Queen" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

    a. The "Dairy Queen" customer parking lot had approximately 30 total parking spaces but had only 1 accessible parking space, in violation of ADAAG 208.2 and 502.

    b. The "Dairy Queen" customer parking lot had no van parking spaces, in violation of ADAAG 208.2.4.

25. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and MHRA encountered by Plaintiff or which exist at "Dairy Queen".

26. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Dairy Queen" in order to photograph and measure all such barriers to access and violations of the ADA, ADAAG, and MHRA.

27. Compliance with the ADA standards, the ADAAG, and the MHRA is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards, the ADAAG, and the MHRA is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be

remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

28. As a person with a disability, Plaintiff Davis has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

29. Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Dairy Queen" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of her rights under the ADA and MHRA.

## FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

30. Plaintiff incorporates and realleges the above paragraphs.

31. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

32. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

33. Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Davis has been denied full and equal access to "Dairy Queen" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

34. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

35. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff Davis, even though removing the barriers is readily achievable.

36. Plaintiff Davis plans to visit "Dairy Queen" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm upon her planned return visit to "Dairy Queen" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

37. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Dairy Queen" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Dairy Queen" until such time as Defendant cures the access barriers.

38. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation

expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
### Violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A

39. Plaintiff incorporates and realleges the above paragraphs.

40. Minn. Stat. 363A.11 provides:

   It is an unfair discriminatory practice:

   (1) to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of [...] disability [...]; or

   (2) for a place of public accommodation not to make reasonable accommodation to the known physical, sensory, or mental disability of a disabled person.

41. Under the general prohibitions established by the MHRA, Minn. Stat. 363A.11, Subd. 2, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

42. Defendant has engaged in unfair discriminatory practices against Plaintiff and others in that it has failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis. The acts herein constitute violations of the MHRA, 363A.11. Plaintiff has been denied full and equal access to "Dairy Queen", and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations offered therein on a full and equal basis.

43. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the MHRA are ongoing.

44. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff and other persons with disabilities, even though removing the architectural barriers is readily achievable.

45. Plaintiff Davis is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm upon her planned return visit to the "Dairy Queen", unless and until Defendant is required to remove the physical barriers to access and MHRA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

46. This Court has authority under Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3–4, to issue an order directing Defendant to cease and desist from its unfair discriminatory practices and to take affirmative action to make their facilities readily accessible to and independently usable by individuals with disabilities. The Court furthermore has authority under these statutory provisions of the MHRA to order Defendant to pay a civil penalty to the state.

47. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees from Defendant as part of the costs, pursuant to Minn. Stat. 363A.33, Subd. 7.

**WHEREFORE**, Plaintiff respectfully requests:

  a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and that De-

fendant's conduct and/or inaction constitutes an unfair discriminatory practice under the MHRA.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3, enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the MHRA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court order Defendant to pay a civil penalty to the state pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A.29, Subd. 4.

d. That the Court award Plaintiff damages, to be paid by Defendant pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A. 29, Subd. 4.

e. That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Minn. Stat. 363A.33, Subd. 7, or as otherwise provided by law; and

f. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the MHRA.

DATED: June 1, 2016

/s/ Paul Hansmeier
Paul R. Hansmeier (MN Bar # 387795)
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 326-9801

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, the undersigned hereby acknowledges that monetary and other sanctions may be imposed for presenting a position to the Court that is unwarranted or for an improper purpose, as more fully defined in that statute.

Date: June 1, 2016

By: _____
Paul R. Hansmeier (MN Bar #387795)

# EXHIBIT A

