UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Melanie Davis,<br><br>　　　　Plaintiff,<br>v.<br><br>Queen Nelly, LLC,<br><br>　　　　Defendant. | Court File No. 16-cv-2553 (PJS/SER)<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** |

# INTRODUCTION

Melanie Davis visited a Dairy Queen in Burnsville on April 27, 2016. She commenced this lawsuit on June 29, claiming that the Dairy Queen parking lot did not comply with the Americans with Disabilities Act and the Minnesota Human Rights Act because it only had one accessible parking spot. The lawsuit seeks an injunction under the ADA and the MHRA.

But Davis lacks standing to pursue this lawsuit because the parking lot was repaved and repainted in compliance with the ADA and the MHRA before this lawsuit began. Because she lacks standing, no court has subject matter jurisdiction to hear her claims, and the case should be dismissed.

# FACTS

Queen Nelly LLC owns and operates a Dairy Queen on Highway 13 in Burnsville, Minnesota. Complaint, ¶ 9. It has 33 parking spaces. Complaint, ¶ 11; Dec. Quarve-Peterson, Ex. A. On April 12, Queen Nelly hired a paving company to sealcoat, patch, and fill cracks in its parking lot. Dec. Michaud,

1

Ex. A. The paving company put one coat of sealant on the parking lot on April 23. Dec. Michaud, ¶ 3. Due to weather, it did not do any work on the lot from April 24 until May 2. Dec. Michaud, ¶ 4. The paving company finished sealing the parking lot on May 2 and restriped the lot on May 3. Dec. Michaud, ¶ 5. Queen Mary has not altered the parking lot since May 3. Dec. Michaud, ¶ 6.

Davis had Queen Nelly served on June 29. Dec. Michaud, ¶ 7. The complaint is long, but mostly devoid of factual allegations. Davis's complaint alleges the following facts:

- Davis attempted to visit the Dairy Queen on April 27, 2016. Complaint, ¶ 10.
- The Dairy Queen parking lot had approximately 30 spaces, but only one accessible spot with an aisle. Complaint, ¶ 11.
- The parking lot had no van parking spaces. Complaint, ¶ 24(b).

The day it was served, Queen Nelly's manager, Tom Michaud, called Davis's attorney, Paul Hansmeier, to ask what needed to be done to the parking lot. Dec. Michaud, ¶ 8. Hansmeier did not attempt to explain the purpose of the lawsuit; instead, he cussed at Michaud and threatened to take away everything Michaud owned, leaving him bankrupt and penniless. Id.

Immediately after having the call with Hansmeier, Michaud took pictures of his parking lot as it appeared on June 29. Dec. Michaud, ¶ 10; Id.,

Ex. B. It appeared the same as it had since the paving company repainted the parking lot on May 3, 2016. Dec. Michaud, ¶ 11. The parking lot had – and has – two designated accessible parking stalls and one shared access aisle. Dec. Quarve-Peterson. The two stalls and access aisle all measure 9 feet wide.[1] Id. And, in the opinion of a certified accessibility specialist, the barriers Davis alleged in her complaint do not exist. Id.

## LEGAL ARGUMENT

Davis's complaint contains two causes of action – both of which seek prospective, injunctive relief. But there is nothing to enjoin; Queen Nelly's parking lot did not contain the violations Davis alleges when she sued Queen Nelly. Because there is no relief available for Davis, she does not have standing and this court does not have subject matter jurisdiction to hear her claims.

"Standing is a jurisdictional doctrine, and the lack of standing bars consideration of the claim by the court." *In re Richards v. Reiter*, 796 N.W.2d 509, 512 (Minn. 2011). *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). Standing is determined as of the lawsuit's commencement. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000).

---

[1] Parking lots with 25 to 50 spaces should have at least 2 accessible parking spaces, at least one of which must be a van parking space. 2010 ADA Standards for Accessible Design, sections 208.2; 208.2.4. Car spaces must be at least 96 inches wide, and van spaces must be 96 inches wide where there is an access aisle at least 96 inches wide. Id. at section 502.2.

A court without subject matter jurisdiction has no power to hear a case, and so Rule 12(b)(1) motions are treated differently than Rule 12(b)(6) motions. Courts are empowered to hear factual challenges to subject matter jurisdiction by conducting an evidentiary hearing and considering affidavits or other documents. *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990). When considering a factual challenge to jurisdiction, courts don't merely look to the pleadings, nor do they determine whether there is enough evidence for trial as they would under a Rule 56 motion. "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Id.* The court weighs the evidence and makes a factual determination. Id. And the plaintiff bears the burden to establish her standing. *FW/PBS, Inc., v. City of Dallas*, 493 U.S.215, 231 (1990).

Davis seeks prospective, injunctive relief under the ADA and the MHRA. To have standing, Davis must demonstrate she suffered an injury in fact caused by a violation of those laws, which "will likely be redressed by a favorable decision." *Lujan v. Defs. Of Wildlife*, 504 U.S. 550, 560 (1992). And, because prospective relief under the ADA and the MHRA are coextensive, the same analysis applies. *Hillesheim v. Casey's Retail* Co., 2016 U.S. Dist. LEXIS 87686, *3 (D. Minn. July 6, 2016). Davis has not alleged a harm that

4

will or can be "redressed by a favorable decision." Because there is nothing to be enjoined, Davis has no standing to seek injunctive relief.

*Disability Support Alliance v. Geller Family Ltd. P'ship III* dealt with a similar circumstance. 2016 U.S. Dist. LEXIS 13419 (D. Minn. February 3, 2016). In *Geller*, the plaintiff alleged that the defendant's parking lot had an insufficient number of accessible parking spaces. Id. at *3. Geller submitted evidence that the parking lot had been renovated and the barriers had been removed after the plaintiff visited the parking lot, but before the plaintiff commenced the lawsuit. Id. at *5, *6. The Court weighed the evidence and concluded that the barriers the plaintiff alleged had been removed. Id. "Because it is not likely that their alleged injury will be redressed by a favorable decision, the Court concludes that Smith and DSA lack standing to assert their ADA cause of action." Id. at *12.

The same holds true here. Queen Nelly repainted its parking lot on May 3. Davis did not commence this lawsuit until June 29, after the alleged barriers had been removed.[2] The parking lot no longer suffers the defects Davis alleged existed on April 27, 2016. Davis has not satisfied her burden of showing that a barrier exists now, or that one existed on the day she

---

[2] Queen Nelly does not concede that the barriers Davis alleges existed on April 27. But for purposes of this motion, the state of Queen Nelly's parking lot on April 27 is irrelevant.

5

commenced this lawsuit. She has not shown she has standing, so her claims should be dismissed.

## CONCLUSION

All that matters in this case is how Queen Nelly's parking lot appeared on June 29, 2016 when Davis commenced this lawsuit. Because the barriers Davis alleges did not exist on June 29, she has no standing to sue Queen Nelly for injunctive relief under the ADA or the MHRA.

Dated: August 4, 2016

RUBRIC LEGAL LLC

/s/ Michael Frasier
Michael H. Frasier (#387704)
Chad A. Snyder (#288275)
233 Park Avenue S., Suite 205
Minneapolis, MN 55415
(612) 465-0074
Michael@RubricLegal.com
Chad@RubricLegal.com

Attorneys for Defendant