# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MELANIE DAVIS,

      *Plaintiff*,

v.

QUEEN NELLY, LLC,

      *Defendant*.

Case No. 16-cv-02553-PJS-SER

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      Paul R. Hansmeier (Minn. Bar 387795)
      CLASS JUSTICE PLLC
      100 South Fifth Street, Suite 1900
      Minneapolis, MN 55402
      E-mail: mail@classjustice.org
      Phone: (612) 329-9801
      *Counsel for Plaintiff*

August 25, 2016

## MEMORANDUM

Defendant's motion to dismiss is unusual—both procedurally and substantively.

Procedurally, Defendant sought a federal forum via removal. Discordantly, Defendant now seeks to defeat federal jurisdiction via its motion to dismiss. Defendant's best case scenario is a dismissal of Plaintiff's federal claim, which would just result in an unwanted (from Defendant's perspective, at least) state court action.

Substantively, Defendant appears to have altered its parking lot between the date of Plaintiff's visit and the date when Defendant was served with Plaintiff's complaint. But it is obvious that Defendant's alterations were not made in compliance with the law. There is an enormous difference between "altering" a parking lot and "remediating" it. By submitting evidence of inadequate alterations to its parking lot, Defendant has exposed itself to an unfavorable judgment on the merits.

Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss. In the alternative, Plaintiff requests that the Court enter judgment against Defendant on Plaintiff's federal and state claims.

### I. Legal Standard.

Defendant challenges Plaintiff's standing, that is, whether she is entitled to have this Court decide the merits of her claim. When, as here, a plaintiff seeks injunctive relief, she must demonstrate a "real and immediate threat of future injury by the defendant." *Sawczyn v. BMO Harris Nat'l Ass'n*, 8 F. Supp. 3d 1108, 1111 (D. Minn. 2014). Defendant contends that Plaintiff no longer has standing based on its assertion that

the "barriers [Plaintiff] alleges did not exist on June 29, 2016," *i.e.* the date on which Defendant contends this case was commenced. Defendant's Memorandum In Support of Its Motion to Dismiss, Dkt. 5, at 6.

Defendant's motion to dismiss thus boils down to a factual attack on Plaintiff's standing. Generally speaking, in the context of a factual attack on standing, a federal court's discretion is not ordinarily constrained by the procedural safeguards of Federal Rules of Civil Procedure 12 and 56, *i.e.* no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of a disputed material fact would not preclude this Court from evaluating for itself the merits of a defendant's jurisdictional attack. *See Osborn v. U.S.*, 918 F.3d 724, 730 (8th Cir. 1990) (discussing standard).

There is an exception to the general rule, and the exception ostensibly applies in this case: when jurisdictional facts are intertwined with the facts central to the merits of a dispute, a court should afford a plaintiff the procedural safeguards "that would apply were the plaintiff facing a direct attack on the merits." *Kerns v. U.S.*, 585 F.3d 187, 193 (4th Cir. 2009).

II. <u>Argument.</u>

Defendant's motion to dismiss should be denied for two reasons: (1) Defendant has not remediated the issues alleged in Plaintiff's complaint; and (2) at the very minimum, Defendant's motion is premature, as Defendant's jurisdictional attack is intertwined with the facts central to the merits of Plaintiff's claims. Further, Plaintiff's claim for damages pursuant to the Minnesota Human Rights Act is invulnerable to

Defendant's jurisdictional attack. Finally, the Court is within its discretion to enter judgment against Defendant, and doing so would serve the interests of justice.

### A. **Defendant Has Not Remediated The Issues Alleged In Plaintiff's Complaint.**

Axiomatically, if Defendant has not remediated the issues alleged in Plaintiff's complaint then Defendant's motion is futile; Defendant has not remediated the issues alleged in Plaintiff's complaint. Plaintiff's complaint alleges that Defendant's parking lot lacked accessible parking spaces, including a van accessible space. Complaint ¶ 24(a)-(b). The basic point of law is straightforward: if a public accommodation alters its premises then its alteration must strictly comply with the relevant standards unless doing so would essentially violate the laws of physics. *See* 28 C.F.R. § 36.402(a). Here, by Defendant's own admission, Defendant performed alterations after Plaintiff suffered her injury. Defendant's alterations did not comply with the law. The evidence Defendant submitted proves that Defendant failed to comply with the law. For example, at least one of the required parking spaces Defendant installed lacks accessible signage. Declaration of Peter Hansmeier, August 25, 2015, ¶ 2; 2010 Standards 502.6 (signs shall be 60 inches minimum above the ground surface). As another example, Defendant's parking spaces are not associated with an accessible route into the subject premises; to get into the Burnsville Dairy Queen in a wheelchair, one must utilize a curb ramp that is directly in the path of travel of vehicles utilizing the drive through window. Peter Hansmeier Declaration, ¶ 3; 2010 Standards 406.5 (curb ramps shall be located so that they do not

project into vehicular traffic lanes). This is a highly dangerous circumstance for people who use wheelchairs for mobility; it is thus illegal.

### B. Defendant's Motion is Premature.

In the alternative, Defendant's motion is premature. Defendant asks this Court to rule as a matter of law that it has remedied the issues giving rise to Plaintiff's complaint. Plaintiff is entitled to take discovery to confirm Defendant's findings, *e.g., Kerns*, and until Plaintiff has had an adequate opportunity to do so Defendant's motion is premature.

### C. Plaintiff's MHRA Claim for Damages is Invulnerable to Defendant's Motion to Dismiss.

This is a straightforward case involving mostly undisputed facts. While any damages Davis recovers in this case are likely to be minimal, Davis' claim for damages is nevertheless immune to Defendant's post-violation remedial efforts. *See, e.g., Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 609 (2001) ("[F]or so long as a plaintiff has a cause of action for damages, a defendant's change in action will not moot the case."). Accordingly, even if the Court were to dismiss Plaintiff's federal claim under the Americans With Disabilities Act due to Defendant's failed attempt at remediation, Plaintiff's state law claim for damages would nevertheless persist.

### D. The Court Is Within Its Discretion To Enter Judgment Against Defendant.

Defendant's evidence establishes ongoing violations of the law. The Court is vested with discretion to enter judgment against the non-moving party. *See, e.g.,* Fed. R. Civ. P. 56(f)(1) (vesting trial courts with discretion to grant summary judgment in favor

of a nonmovant). Judgment against Defendant is in the interests of justice. Defendant was inarguably operating in violation of the law on the date of Plaintiff's visit. Remarkably, Defendant continues to operate in violation of the law while a federal lawsuit is pending. Defendant has elected to consume this Court's resources with a motion to dismiss rather than to conform its conduct to the law. Based on these circumstances, Plaintiff submits that nothing short of a judgment of this Court will result in Defendant's compliance with the law. This is a fee-shifting environment. *See* 42 U.S.C. § 12188. An early judgment will conserve the parties' resources, not to mention the Court's resources. Nothing in the law impedes an efficient judgment in Plaintiff's favor.

DATED:  August 25, 2016              /s/ Paul R. Hansmeier
                                                   Paul R. Hansmeier (MN Bar # 387795)
                                                   CLASS JUSTICE PLLC
                                                   100 South Fifth Street, Suite 1900
                                                   Minneapolis, MN 55402
                                                   E-mail: mail@classjustice.org
                                                   Phone: (612) 326-9801
                                                   *Counsel for Plaintiff*