UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MELANIE DAVIS, | Case No. 16-CV-2553 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| QUEEN NELLY, LLC, | |
| Defendant. | |

Padraigin Browne, BROWNE LAW LLC, for plaintiff.

Michael H. Frasier and Chad A. Snyder, RUBRIC LEGAL LLC, for defendant.

Plaintiff Melanie Davis (who is disabled on account of cerebral palsy) sued defendant Queen Nelly, LLC ("Queen Nelly"), the owner and operator of a Dairy Queen restaurant, claiming that the restaurant's lack of accessible parking violated Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12181-89, and the Minnesota Human Rights Act (the "MHRA"), Minn. Stat. §§ 363A.01-.44.  Queen Nelly moves to dismiss both claims for lack of standing.

I.  STANDARD OF REVIEW

Article III standing is a prerequisite for jurisdiction.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  If a plaintiff does not have standing at the time that she commences a lawsuit, that lawsuit must be dismissed for lack of subject-matter

jurisdiction. *See id.* at 570 n.5; *A.J. ex. rel. Dixon v. UNUM*, 696 F.3d 788, 789 (8th Cir. 2012) (per curiam).

A defendant's motion to dismiss a claim for lack of standing can be treated as either a "facial attack" or "factual attack" on jurisdiction. *Carlsen v. Gamestop, Inc.*, No. 15-2453, 2016 WL 4363162, at *2 (8th Cir. Aug. 16, 2016). When addressing a facial attack, the court must restrict itself to the face of the pleadings and accept all of the plaintiff's allegations as true. *Id.* When addressing a factual attack, the court may consider matters outside of the pleadings and weigh the evidence to determine whether it has jurisdiction. *Id.*; *see also Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

Queen Nelly has submitted two declarations in support of its motion to dismiss. ECF Nos. 6 and 7. These declarations are neither part of nor "necessarily embraced" by the pleadings, so the Court will treat Queen Nelly's motion to dismiss as a factual attack on jurisdiction. *Cf. Carlsen*, 2016 WL 4363162, at *2.

## II. ANALYSIS

The requirement of standing is rooted in the fact that Article III limits the power of federal courts to "cases" or "controversies." U.S. Const. art. III, § 2. No "case" or "controversy" exists unless (1) the plaintiff has suffered a "concrete and particularized" injury; (2) the plaintiff's injury is "fairly traceable" to the defendant's actions; and (3) the plaintiff's injury is "likely to be redressed by a favorable decision." *Spokeo, Inc. v.*

*Robins*, 136 S. Ct. 1540, 1547-48 (2016). The third element—usually referred to as "redressability"—is in dispute here.

## A. ADA Claim

A plaintiff may recover only injunctive relief—and not damages—under Title III of the ADA. *See Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006); *Stebbins v. Legal Aid of Ark.*, 512 F. App'x 662, 663 (8th Cir. 2013) (citing 42 U.S.C. § 12188(a)). Davis's complaint alleges that Queen Nelly's parking lot (1) has only one accessible parking space (instead of the two required by law) and (2) does not have any van parking spaces (instead of the one required by law). *See* Compl. ¶ 24. But undisputed evidence submitted by Queen Nelly indicates that shortly after Davis visited the Dairy Queen—and several weeks before Davis commenced this lawsuit—Queen Nelly re-striped the parking lot and fixed both of these problems. *See* ECF Nos. 6 and 7. Obviously, then, a favorable resolution of Davis's ADA claim cannot do anything to "redress" these problems because these problems do not exist—and have not existed since before Davis commenced this litigation.

Davis argues that her ADA claim should not be dismissed because the *new* parking lot violates the ADA. Specifically, Davis alleges that the sign marking one of the new accessible spots is less than 60 inches in height. Pl.'s Resp. Mot. Dismiss 3. And Davis alleges that the two new accessible spots do not directly adjoin the

restaurant, forcing disabled patrons to cross a traffic lane in order to get into the building. *Id.* at 3-4. Davis bases these allegations on photographs of the new parking lot submitted by Queen Nelly; Davis does not allege that she has attempted to visit the Dairy Queen since the parking lot was re-striped.

The problem for Davis is that these allegations do not appear in her complaint. A complaint must "say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). Davis's complaint gives fair notice of only two alleged ADA violations: the fact that the parking lot had only one accessible spot and the fact that the parking lot did not have a van spot. The complaint also includes a catch-all— "[t]he above listing is not to be considered all-inclusive of the . . . violations of the ADA," Compl. ¶ 25—but that catch-all obviously does not give Queen Nelly fair notice that Davis is basing ADA claims on the height of a sign and the location of accessible spots.

In short, Davis's ADA claim—as it is currently pleaded—gives fair notice of only two alleged violations of the ADA, and both of those violations were remedied before Davis commenced this lawsuit. Because Davis can seek only injunctive relief under the ADA, and because neither of the two alleged violations of the ADA can be remedied with an injunction, the Court dismisses Davis's ADA claim for lack of standing.

*B. MHRA Claim*

Unlike the ADA, the MHRA allows a disabled plaintiff to recover damages if she has been unlawfully denied access to a place of public accommodation. *See Hillesheim v. Casey's Retail Co.*, No. 16-CV-0061 (PJS/FLN), 2016 WL 3676164, at *3 (D. Minn. July 6, 2016); *Disability Support All. v. Billman*, No. 15-CV-3649 (JRT/SER), 2016 WL 755620, at *5 (D. Minn. Feb. 25, 2016). Davis claims that she was illegally denied access to the Dairy Queen, Compl. ¶ 12, and she seeks damages to compensate her for that injury. *See* Compl. at 12. A favorable resolution of Davis's MHRA claim would "redress" her injuries. Thus, Davis has standing to pursue her MHRA claim.

The Court does not appear to have original jurisdiction over Davis's MHRA claim, however, as the complaint does not allege that Davis and Queen Nelly are citizens of different states. *See* 28 U.S.C. § 1332(a). Moreover, because the Court has never had jurisdiction over Davis's sole federal claim, the Court cannot exercise supplemental jurisdiction over Davis's state claim. *See* 28 U.S.C. § 1367(a) (authorizing a district court to exercise supplemental jurisdiction over a state claim only if the district court first has "original jurisdiction" over another claim); *Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, 634 (7th Cir. 2001) ("The plaintiffs lack standing to bring their claim under the Investment Advisers Act in federal court. Because they lack standing to bring their federal claim, the district court had no authority to exercise supplemental jurisdiction

over their remaining state law claims."); *Stately v. Indian Cmty. Sch. of Milwaukee, Inc.*, 351 F. Supp. 2d 858, 865 (E.D. Wis. 2004) ("If the Court determines that it has no subject-matter jurisdiction over Stately's federal claims, it is canonical that the Court *cannot* exercise supplemental jurisdiction over her state-law claims.").[1]

Because this Court does not have any jurisdiction—original or supplemental—over Davis's MHRA claim, the Court will remand that claim to state court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss for lack of subject-matter jurisdiction [ECF No. 4] is GRANTED IN PART and DENIED IN PART.

2. Plaintiff's ADA claim is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

3. Plaintiff's MHRA claim is REMANDED to the Minnesota District Court, Fourth Judicial District.

---

[1] Even if the Court could exercise supplemental jurisdiction over Davis's MHRA claim, it would decline to do so because this lawsuit is in its infancy. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  October 6, 2016                             s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge